ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court on September 20, 1991, with instructions to make findings of fact regarding the racial composition of the venire and, specifically, the race of those venire-members who were struck by the State. See Smith v. State, 588 So.2d 561 (Ala.Cr.App.1991). The trial court was to determine whether a prima facie case of racial discrimination existed and, if so, to require the prosecutor to come forward with reasons for his strikes of black venire-members. The trial court was then to determine whether these reasons were race neutral. On remand, the trial court found no prima facie case of racial discrimination. However, on the trial court’s return to that remand, and based on the record, including evidence provided by the appellant, this court found that the defendant had made a prima facie case of discrimination pursuant to Ex parte Branch, 526 So.2d 609 (Ala.1987). See our “on return to remand” opinion of March 13, 1992, 620 So.2d 727. Therefore, we again remanded the case to the trial court for that court to hold a hearing, in which the prosecutor was to come forward with reasons for his peremptory challenges of black veniremembers. The court was then to determine whether the reasons given were sufficiently race neutral, under the guidelines provided by Ex parte Branch, supra, and Ex parte Bird, 594 So.2d 676 (Ala.1991). If the trial court determined that the reasons were sufficiently race neutral, a transcript of the hearing and the trial court’s findings of fact and conclusions of law were ordered returned to this court. However, this court held that, if the trial court determined that the prosecutor’s reasons were not sufficiently race neutral, the appellant was entitled to a new trial, and an order reflecting this finding was to be returned to this court.
*733 On return to remand, the trial court has held that, following a hearing on this matter, the State’s explanation of its challenges of black veniremembers, “was not in accordance with the guidelines of the Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and Branch cases in that there was a lack of questioning to the challenged jurors or a lack of meaningful questions.” The trial court therefore set aside the appellant’s conviction.
An examination of the record on return to remand, which includes the transcript of the hearing, establishes that the prosecutor was called to testify as to his reasons for his strikes, following which, he was cross-examined by the defense counsel. Although on their face, the prosecutor’s reasons for his strikes appear to be racially neutral, two of the reasons were suspect.
The prosecutor gave sufficiently race-neutral reasons for most of his strikes. One of the potential jurors was struck because he had difficulty hearing. Two potential jurors were struck because they were elderly and retired and the prosecutor noted that the only elderly juror left on the jury panel was still fully employed. Several black jurors, as well as white jurors, were struck because they failed to respond during voir dire questioning that they had previously served on a criminal jury. On cross-examination by the defense counsel, the prosecutor testified that he knew that these were the same jurors that had in fact previously served on criminal juries, by comparing their known addresses with those on the other jury lists. Two potential black jurors were struck because they responded, during voir dire questioning, that they would hold the State to a higher burden of proof in a capital case than in some other criminal case.
As to the more suspect reasons, the prosecutor stated that one of the potential black jurors was struck because he was employed as a cook, the same occupation as the appellant’s codefendant. On cross-examination, the defense counsel asked if the codefendant’s occupation had any relevance to the present case, and the prosecutor responded that, because the striking was done before the introduction of any evidence, he was uncertain whether proof of the codefendant’s occupation would be admitted into evidence. However, he indicated that he felt that there might be some comradery and that he therefore struck the potential juror. Moreover, certain jurors were struck because of their employment in research at Bell South Laboratories. The prosecutor testified that he knew that these laboratories conducted medical research and, because he knew that one of the aspects of the present case would deal with a disagreement between experts in this field, he felt that the strikes were justified. He testified that there would be a discrepancy between a State expert and one for the defense as to the edge of the knife used to commit the offense. In fact, there was such a conflict between the testimony introduced at trial. However, during the cross-examination of the prosecutor, defense counsel elicited testimony that the prosecutor was uncertain as to what these potential jurors’ exact jobs at the laboratory were. Finally, the only other reason given by the prosecutor was that he generally struck potential jurors who were employed in the field of fine arts. However, in each instance of a strike for this reason, there was an additional valid reason given. Davis v. State, 555 So.2d 309 (Ala.Cr.App.1989). Therefore, whether this reason is sufficiently race neutral need not be determined.
Because the prosecutor’s reasons concerning the potential juror’s occupation as a cook and the potential jurors’ employment at a medical research lab were possibly suspect, Ex parte Bird, supra, we cannot find that the trial court’s conclusion was “clearly erroneous.” Batson v. Kentucky, supra; Ex parte Branch, supra. The trial court noted, in making its holding, that the voir dire questioning was cursory. “[T]he failure of the State to engage in any meaningful voir dire on a subject of alleged concern is evidence that the explanation is a sham and a pretext for discrimination.” Ex parte Bird, supra, at 683. “ ‘ “A prosecutor’s failure to engage black prospective jurors ‘in more than desultory voir dire, or *734 indeed to ask them any questions at all’ before striking them peremptorily, is one factor supporting an inference that the challenge is in fact' based on group bias.” ’ ” Parker v. State, 568 So.2d 335, 337 (Ala.Cr.App.1990). See also Sims v. State, 587 So.2d 1271, 1277 (Ala.Cr.App.1991), cert. denied, — U.S. -, 112 S.Ct. 1179, 117 L.Ed.2d 423 (1992).
Moreover, during the hearing on return to remand, following the testimony and evidence concerning the reasons for, the prosecutor’s strikes, the appellant was allowed to present further evidence. Although this evidence was procedurally misplaced, where a reason given by the prosecutor is borderline, factors such as a prosecutor’s past striking habits may be helpful in reaching a determination.[1] Based on the totality of the evidence, we do not find that the trial court’s determination that the prosecutor’s reasons were not racially neutral was “clearly erroneous.” Therefore, this appeal is due to be dismissed.
APPEAL DISMISSED.
All Judges concur.

. "The burden having shifted to the State to rebut the inference, the prosecutors’ proffered explanations for their strikes must be examined in light of a particularly strong prima facie case.” Ex parte Bird, supra at 682.