John Stephen Bracknell appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief, in which he attacked his convictions in 2000 for two counts of sodomy in the first degree and six counts of sexual abuse in the first degree. He was sentenced to 25 years' imprisonment for each of the sodomy convictions and to 10 years' imprisonment for each of the sexual-abuse convictions; those sentences were to run concurrently. This Court affirmed Bracknell's convictions and sentences on direct appeal in an unpublished memorandum issued on February 23, 2001. SeeBracknell v. State (No. CR-99-1875), 821 So.2d 1032
(Ala.Crim.App. 2001) (table). The Alabama Supreme Court denied certiorari review, and this Court issued a certificate of judgment on July 6, 2001.
Bracknell filed the present petition on July 10, 2002. In his petition, Bracknell alleged that his trial and appellate counsel were ineffective for various reasons. After receiving a response from the State, the circuit court summarily denied Bracknell's petition on September 23, 2002.
 I.
Bracknell contends that his appellate counsel was ineffective for not raising claims of ineffective assistance of trial *Page 726 
counsel in a motion for a new trial and then on appeal.
Bracknell was convicted on May 4, 2000; he was sentenced on June 8, 2000. On June 22, 2000, Bracknell contacted Lindsay Davis to discuss the possibility of Davis's representing him on appeal. In a letter sent to Bracknell following the meeting, Davis advised Bracknell that she was willing to represent him on appeal, but that she would not pursue any claims of ineffective assistance of trial counsel. She also advised Bracknell that if he wished to pursue claims of ineffective assistance of trial counsel, he should retain other counsel to represent him on appeal. On June 30, 2002, Bracknell signed a written employment agreement in which he agreed that Davis would not raise any claims of ineffective assistance of trial counsel in a motion for a new trial or on direct appeal. Davis then filed a motion for a new trial on Bracknell's behalf; the motion did not include any claims of ineffective assistance of trial counsel.
After expressly agreeing that appellate counsel would not raise any claims of ineffective assistance of trial counsel in a motion for a new trial and on appeal, Bracknell cannot now complain that his appellate counsel was ineffective for not doing so. Therefore, the circuit court properly denied Bracknell's ineffective-assistance-of-appellate-counsel claim.
 II.
Bracknell also contends that his trial counsel was ineffective for various reasons.
Initially, we note that these claims are not precluded by Rules 32.2(a)(3) and (a)(5), Ala.R.Crim.P., despite the employment agreement in which Bracknell agreed that Davis would not raise any ineffective-assistance-of-trial-counsel claims in a motion for a new trial and on direct appeal. The record from Bracknell's direct appeal reflects that the trial transcript was not prepared until over four months after Bracknell had been sentenced. Although ineffective-assistance-of-trial-counsel claims cannot be raised for the first time in a Rule 32 petition if they could have reasonably been raised in a timely filed motion for a new trial, in V.R. v. State, 852 So.2d 194 (Ala.Crim.App. 2002) (opinion on rehearing), this Court unanimously held:
 "[A] defendant is not precluded by Rules 32.2(a)(3) and (5) from raising an ineffective-assistance-of-trial-counsel claim for the first time in a Rule 32 petition if the trial transcript was not prepared in time for appellate counsel to have reviewed the transcript to ascertain whether such a claim was viable and to present the claim in a timely filed motion for a new trial. It is neither reasonable nor practical to expect newly appointed appellate counsel to raise an ineffective-assistance-of-trial-counsel claim without the benefit of a trial transcript to document and support a defendant's allegations as to what occurred during trial."
852 So.2d at 202-03 (emphasis added). The language used in V.R.
was clear and not limited to the particular facts of that case. As a matter of law, it is not reasonable for appellate counsel to file a motion for a new trial raising ineffective-assistance-of-trial-counsel claims without the benefit of the trial transcript. To hold otherwise would encourage the filing of motions for a new trial based solely on a defendant's bare and self-serving allegations that may or may not be supported by facts reflected in the trial transcript. Appellate counsel cannot make an informed decision about the merits of possible ineffective-assistance-of-trial-counsel claims without knowing what actually occurred *Page 727 
during trial,[1] and this Court will not encourage the filing of motions that may turn out to be frivolous because they are not based on fact, but, rather, on a defendant's self-serving allegations.
Therefore, based on this Court's holding in V.R., Bracknell, as a matter of law, "is not precluded by Rule 32.2(a)(3) and (5) from raising an ineffective-assistance-of-trial-counsel claim for the first time in a Rule 32 petition." V.R., 852 So.2d at 202. Although Bracknell and Davis discussed the possibility of raising ineffective-assistance-of-trial-counsel claims, at least to the extent that they agreed that no such claims would be raised, newly-retained appellate counsel could not have reasonably raised claims of ineffective assistance of trial counsel in a timely filed motion for a new trial because the trial transcript was not prepared in time for her to make an informed decision as to the merit of any such claims.
Although Bracknell's claims of ineffective assistance of trial counsel are not precluded, after carefully reviewing Bracknell's petition, we conclude that he failed to plead sufficient facts with respect to any of the claims to warrant any further proceedings.
In Strickland v. Washington, 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."Id. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome."Id. Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2052.
Rule 32.3, Ala.R.Crim.P., states that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.6(b), Ala.R.Crim.P., states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."
 "An evidentiary hearing on a [Rule 32] petition is required only if the petition is `meritorious on its face.' Ex parte Boatwright, 471 So.2d 1257 (Ala. 1985). A petition is `meritorious on its face' only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if *Page 728 
those facts are true. Ex parte Boatwright, supra; Ex parte Clisby, 501 So.2d 483 (Ala. 1986)."
Moore v. State, 502 So.2d 819, 820 (Ala. 1986).
Although Bracknell specifically identified the acts or omissions on the part of his trial counsel that he believed constituted deficient performance, he failed to include in his petition any facts tending to indicate how those acts or omissions prejudiced his defense. He did not include specific facts regarding the crimes or the evidence introduced at trial, and he did not even state in his petition what his defense was. Even accepting all of the allegations in his petition as true, we cannot say whether Bracknell is entitled to relief. Therefore, Bracknell has not provided "full disclosure of the factual basis" of his claims necessary to satisfy the specificity requirements of Rule 32.6(b), Ala.R.Crim.P., and the pleading requirements of Rule 32.3, Ala.R.Crim.P. Accordingly, the circuit court properly denied his claims of ineffective assistance of trial counsel without an evidentiary hearing.[2]
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
McMILLAN, P.J., and COBB, J., concur. BASCHAB and WISE, JJ., concur in the result.
[1] In this case, it is clear that appellate counsel's decision not to raise any claims of ineffective assistance of trial counsel was not based on a decision as to the relative merit of any specific claims. Rather, it was based on her friendship with and her respect for Bracknell's trial counsel. In her letter to Bracknell, Davis said that she would not raise claims of ineffective assistance of trial counsel because Bracknell's trial counsel was "a personal friend of the firm" and because, according to Davis, trial counsel "`wrote the book' on representation of persons charged in sexual molestation cases of minors." (C. 32.)
[2] Although this was not the reason for the circuit court's summary denial of Bracknell's claims, this Court will affirm a circuit court's judgment summarily denying a Rule 32 petition if it is correct for any reason. See, e.g., Long v. State,675 So.2d 532, 533 (Ala.Crim.App. 1996).