JOHNSTONE, Justice
(dissenting).
I respectfully dissent from the denial of the petition for the writ of certiorari. The Court of Criminal Appeals affirmed the denial of the defendant’s Rule 32, Ala. R.Crim. P., petition, without a hearing, on the rationale that the petition was insufficiently pleaded. Bracknell v. State, 883 So.2d 724 (Ala.Crim.App.2003). But the facts properly included in the certiorari *729 petition before us make a showing that the Rule 32 petition was sufficiently pleaded.
The defendant was convicted of sodomy and sexual abuse. After he lost his direct appeal, he filed a Rule 32 petition claiming that his trial counsel was ineffective. According to pages 3 and 4 of the certiorari petition before us, the Rule 32 petition included these allegations:
“5. Bracknell’s accuser testified that he had inserted his fingers into her vagina ‘a lot.’ She otherwise indicated that he had abused her in such a fashion as would leave physical signs of sexual abuse. However, a medical examination revealed: ‘The hymenal ring appears normal and is not irregular. Patient does not use tampons. I was able to put the very smallest pediatric speculum inside the vagina but it did cause her some discomfort.’ This directly contradicted the accuser’s testimony. Evidence of this was available and could have been used by the defense at trial. Trial counsel was aware or, with proper investigation, should have been aware[,] of the results of this medical examination. However, he failed to use it. This failure was particularly prejudicial because this evidence directly contradicted the testimony of Bracknell’s accuser on a critical point. See, Holsomback v. White, 133 F.3d 1382 (11th Cir.1998) (counsel ineffective in not investigating and utilizing medical evidence to rebut testimony of complaining witness in sexual abuse case).
“6. Bracknell’s accuser testified that on or about October 25, 1995 he made her stay home from school and had abused her on that date. However, her school records indicated no absences for date. Evidence of this was available and could have been used by the defense at trial. Trial counsel was aware or, with proper investigation, should have been aware of this. But, he did not put on evidence directly contradicted the testimony of Bracknell’s accuser on a critical point.
“7. Bracknell testified that on dates in question in the case, he was working out of state. Receipts corroborated this testimony. Evidence of this was available and could have been used by the defense at trial. Trial counsel knew or, with proper investigation, should have known of this. But, he did not elicit such evidence. This failure was particularly prejudicial because this evidencfe documented Bracknell’s denial of the accusations against him and contradicted the testimony of Bracknell’s accuser.”
In and of themselves, these allegations show that, if they be proved to be true, trial counsel’s performance was deficient and “there is a reasonable probability that, but for [trial] counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
This certiorari petition shows a probability of merit in the defendant-petitioner’s contention that he was due a hearing on his Rule 32 petition. Thus, I respectfully submit that we should grant this petition and examine the record.
WOODALL, J., concurs.