[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**JUNE 13, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-14889
Non-Argument Calendar

_____

D.C. Docket No. 04-00136-CV-H-NW

JOHN STEPHEN BRACKNELL,

Petitioner-Appellant,

versus

CHERYL PRICE, Warden,
TROY KING, Attorney General
of the State of Alabama,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Alabama

_____

(June 13, 2005)

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

The petitioner is an Alabama prison inmate serving a lengthy prison sentence for sexual abuse and sodomy. He seeks a writ of habeas corpus under 28 U.S.C. § 2254 vacating his conviction on the ground that his trial attorney rendered ineffective assistance of counsel by "allowing the prosecution to improperly bolster the story of his accuser at the start of the trial and in not utilizing available evidence to contradict the story of his accuser." The district court rejected his ineffective assistance claim as procedurally defaulted and dismissed his petition with prejudice. The court granted a certificate of appealability on one issue, which we resolve here:

> whether [petitioner] procedurally defaulted his claims of ineffective assistance of <u>trial</u> counsel by intentionally and knowingly failing to raise such claims on direct appeal when he retained <u>appellate</u> counsel with the express understanding and agreement that the direct appeal would <u>not</u> assert ineffectiveness claims against trial counsel.

Following the imposition of sentence and the entry of the judgment of conviction, petitioner retained new counsel to represent him on appeal. He and counsel memorialized this representation in a written agreement which stated that counsel would not pursue an ineffective-assistance-of-trial-counsel claim before the Alabama Court of Criminal Appeals. Appellate counsel adhered to this provision and, in his brief to the appellate court, made no claim that trial counsel was ineffective.

2

The appellate court affirmed petitioner's conviction, so petitioner returned to the trial court for relief, filing a petition for post-conviction relief under Ala. R. Crim. P. 32 in which he claimed ineffective assistance of trial counsel. That court rejected the claim as barred by Ala. R. Crim. P. 32.2(a)(3) and (a)(5); petitioner had waived the claim by not raising it on direct appeal.

Petitioner appealed the trial court's ruling, and the court of criminal appeals affirmed. Bracknell v. State, 883 So.2d 724 (Ala. Crim. App. 2003). It disagreed with the trial court that petitioner's ineffective assistance claim was barred by Rule 32.2(a)(3) and (a)(5),[1] but nonetheless affirmed its decision because petitioner had failed to plead sufficient facts (in support of his ineffective assistance claim) in his Rule 32 petition. Id. at 727-28.

Having been denied relief in state court, petitioner repaired to the U. S. District Court for the Northern District of Alabama, filing the habeas petition before us. The district court referred the petition to a magistrate judge. After considering the petition, the magistrate judge issued a Report and Recommendation recommending that the petitioner's ineffective assistance claim

---

[1] The court disagreed that petitioner had defaulted his claim by not raising it on direct appeal because the trial transcript had not been prepared until over four months after his sentencing, and, therefore, appellate counsel lacked a reasonable opportunity to raise his ineffective-assistance-of-trial-counsel claims on direct appeal. Bracknell v. State, 883 So.2d at 726-27.

be denied as procedurally defaulted and the petition be dismissed with prejudice. Although the magistrate judge disagreed with the court of criminal appeals conclusion that petitioner failed to plead sufficient facts in his Rule 32 petition, the judge nonetheless found that his claim was procedurally defaulted, under Ala. R. Crim. P. 32.2(a)(3) and (5), because he failed to raise it in appealing his conviction.

Petitioner contends that the district court should not have relied on a procedural default the Alabama Court of Criminal Appeals rejected; hence, his ineffective assistance claim is not barred from federal habeas review. We agree.

In Peoples v. Campbell, 377 F.3d 1208, 1234-35 (11th Cir. 2004), we held that a district court may not invoke a state procedural default rule that the last state court rendering judgment declined to follow. The petitioner in Peoples, an Alabama state prisoner, failed to raise his ineffective-assistance-of-counsel claim in his Ala. R. Crim. P. 20 petition,[2] and, thus, was procedurally barred from raising the claim in appealing the trial court's denial of his petition. Id. at 1234. The court of criminal appeals nonetheless ignored the procedural default and addressed the merits of the claim. Id. Peoples thereafter presented the claim to the district court in a § 2254 habeas petition. The court found that the procedural bar was

_____

[2]Ala. R. Crim. P. 20 is now Rule 32. See Peoples, 377 F.3d at 1221 n.26.

4

applicable and denied Peoples's petition without addressing the merits of his ineffective-assistance-of-counsel claim. Id. Because the court of criminal appeals had declined to rely on the procedural default rule in affirming the trial court's denial of Rule 20 relief, we held that the district court erred by invoking the rule and failing to address the merits of the petitioner's claim. Id. at 1235.

Peoples requires that we vacate the district court's judgment and remand the case with the instruction that the court entertain petitioner's ineffective assistance claim on the merits. We therefore do so.

VACATED and REMANDED.