[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 02, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15307
Non-Argument Calendar
_____

D. C. Docket No. 04-00136-CV-3-AR-NW

JOHN STEPHEN BRACKNELL,

Petitioner-Appellant,

versus

CHERYL PRICE,
Warden,
TROY KING,
Attorney General of the
State of Alabama,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 2, 2007)**

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

## I.

John Stephen Bracknell, an Alabama prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas relief, which challenged his convictions for multiple counts of sexual abuse and sodomy of his step-daughter.[1] In his petition, Bracknell alleged ineffective assistance of trial counsel for, inter alia, failing to present (1) a medical report stating that the victim's hymenal ring was normal, and (2) school records indicating that the victim was in school on October 25, 1995, one of the days when she alleged he molested her.[2]

## II.

According to the record, Bracknell was charged with twenty-four counts of sexual abuse and sodomy of his step-daughter between 1995 and 1999. At the time the alleged molestation began, Bracknell's step-daughter was under the age of 12. At trial, the victim testified that Bracknell would come into the bathroom when she was bathing, look at her naked, touch her breasts and private parts, and wash her.

---

[1] Bracknell filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal.

[2] Bracknell also alleged one other count of ineffective assistance of trial counsel and one count of ineffective assistance of appellate counsel. These claims are outside the scope of the certificate of appealability, and, therefore, are not discussed further.

He would make her lay on the bed while he touched her, and he would take her with him on errands and touch her while they were out. She also testified that Bracknell would touch her inappropriately with his hands, mouth, and private parts, would digitally penetrate her "a lot," perform oral sex on her, and make her perform oral sex on him. The victim stated that she was afraid of Bracknell and that, on at least one occasion, he struck her. In describing one particular incident of molestation, the victim testified that on October 25, 1995 she was home from school with a broken arm and Bracknell bathed her and molested her. She was positive about the date. She further testified that the molestation continued in June, July, September, and November 1998, and March and June 1999 until she told her step-sister.

Bracknell denied the allegations and testified that he had not been home on October 25, 1995, or on the dates of the alleged incidents in 1998 and 1999. Bracknell presented evidence from various employers and co-workers confirming that he had been at work on October 25, 1995. He also presented testimony and evidence that he had been out of town in June, July, September, and November 1998, and in June 1999, including telephone bills and shopping receipts.

The jury convicted Bracknell of six counts of sexual abuse and two counts of sodomy. He was sentenced to 10 years imprisonment on six of the counts and 25

3

years imprisonment on the remaining two counts, to run concurrently. His convictions were affirmed on direct appeal. Bracknell v. State, 821 So. 2d 1032 (Ala. Crim. App. 2001). The state supreme court denied review.

Bracknell then filed a state post-conviction motion for relief under Ala. R. Crim. P. ("Rule") 32. This petition is identical to the instant § 2254 petition in the relevant aspects. Bracknell argued that counsel's performance was deficient because he failed to use all available evidence to contradict the victim's testimony, including a medical report that stated, "The hymenal ring appears normal and is not irregular," and school records to confirm that she was in school on October 25, 1995.

The state responded that the claims were defaulted because they were not raised on direct appeal. The state also noted that the medical examination from which Bracknell quoted was not part of the record and had not been submitted to the court. With regard to the school records, the state argued that Bracknell's counsel made a strategic choice not to submit the school records, which would have been cumulative evidence. The state also argued that even if counsel erred by failing to present the medical examination or school records, there was no prejudice, as the outcome would have been the same given the overwhelming weight of the evidence. Finally, attached to the response was an affidavit from

4

Bracknell's trial counsel in which counsel indicated that Bracknell had admitted his guilt.

The state court summarily denied relief, finding that the claims should have been raised on direct appeal. The state appeals court then affirmed, although on other procedural grounds, concluding that Bracknell failed to include in his petition any facts tending to indicate how his counsel's acts or omissions prejudiced his defense. Bracknell v. State, 883 So. 2d 724, 726-27 (Ala. Crim. App. 2003). The state supreme court denied review. Ex parte Bracknell, 883 So. 2d 728 (Ala. 2003). Bracknell then filed the instant § 2254 petition.

The federal magistrate judge reviewing Bracknell's § 2254 petition recommended dismissing the petition, finding that the claims were not exhausted because they could have been raised on direct appeal but were not. The magistrate judge further found that on the merits there was no showing of prejudice given the overwhelming evidence of guilt. The district court adopted the recommendation and dismissed the petition. On appeal, this court vacated and remanded, concluding that the district court could not invoke the state's procedural default rule because the last state court rendering judgment had declined to follow that rule. This court then instructed the district court to address the merits of the ineffective-assistance-of-trial-counsel claims. Bracknell v. Price, 135 Fed. Appx.

5

284 (11th Cir. 2005).

On remand, the magistrate judge issued a second recommendation denying relief. First, the magistrate judge noted that the medical records were not submitted to the court, there was no evidence the report existed, and it was reasonable for counsel to believe that the report would not be helpful. According to the magistrate judge, the report was consistent with the victim's testimony and would not have undermined her credibility or changed the outcome of the case. Second, with regard to the school records, the magistrate judge found that there was no prejudice because the evidence was cumulative. Finally, the magistrate judge noted that Bracknell had confessed his guilt to counsel, and counsel could not proffer evidence he knew to be false.

The district court adopted the magistrate judge's recommendation and denied the petition. The court then granted a certificate of appealability on the following issues:

> (1) Whether petitioner was deprived of effective assistance of counsel because trial counsel failed to present medical evidence from a physician who examined the victim and reported that "The hymenal ring appears normal and is not irregular," even though this evidence tended to contradict the victim's description of the sexual abuse she suffered.
>
> (2) Whether petitioner was deprived of effective assistance of counsel because trial counsel failed to present school records to contradict the victim's testimony that the petitioner made her stay home from school

6

on or about October 25, 1995, and that he sexually abused her on that date.

III.

In reviewing a district court's denial of habeas relief, we review factual findings for clear error and questions of law de novo. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000). An ineffective assistance of counsel claim is a mixed question of law and fact that we review de novo. Dobbs v. Turpin, 142 F.3d 1383, 1386 (11th Cir. 1998).

IV.

It is well established that the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) is the "'controlling legal authority' to be applied to ineffective assistance of counsel claims." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1304 (11th Cir. 2005), cert. denied, 126 S. Ct. 2356 (2006). Under this standard, the petitioner must show both (1) deficient performance of counsel and (2) prejudicial impact stemming from counsel's deficient performance. Strickland, 466 U.S. at 687. Under the first prong, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To establish prejudice under the second prong, the petitioner must show that the

7

outcome would have been different. Strickland, 466 U.S. at 694. The petitioner must meet both prongs, and, where the petitioner cannot show prejudice, this court need not address whether counsel's performance was reasonable. Id. at 697.

Here, Bracknell cannot satisfy the second prong of the Strickland test because he cannot demonstrate prejudice. First, the medical report was never submitted to the state court or the district court. Second, even if the medical report was available, and assuming its contents are as Bracknell alleges, the report does not necessarily contradict the victim's testimony. Furthermore, once Bracknell admitted his guilt to trial counsel, counsel was bound by ethical rules not to mislead the court or provide perjured testimony. Schwab v. Crosby, 451 F.3d 1308, 1321 (11th Cir. 2006). Finally, "[w]hen the record reflects facts that support conflicting inferences, there is a presumption that the jury resolved those conflicts in favor of the prosecution and against the defendant." Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001). Thus, Bracknell has not shown that he suffered prejudice because of the failure of his trial counsel to present the medical report.

Bracknell also fails to show any prejudice with respect to the school

records.  Counsel submitted testimony from numerous witnesses to establish that Bracknell had an alibi for many of the days on which the victim alleged to have been abused, including October 25, 1995.  The school records, therefore, would have been cumulative.  See Hunter v. Sec'y for Dep't of Corr., 395 F.3d 1196, 1204 (11th Cir. 2005) (concluding that there was no showing of prejudice from the failure to put forth additional cumulative evidence).

Accordingly, we **AFFIRM.**