REL: December 8, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

_____

## CR-2023-0594

_____

## Kenneth Eugene Smith

## v.

## State of Alabama

## Appeal from Jefferson Circuit Court
## (CC-89-1149.61)

KELLUM, Judge.

The appellant, Kenneth Eugene Smith, who is currently an inmate incarcerated on death row at Holman Correctional Facility, appeals the circuit court's summary dismissal of his second petition for postconviction relief filed pursuant to Rule 32, Ala. R. Crim. P.

In 1988, Smith was indicted for murdering Elizabeth Dorlene Sennett for pecuniary gain, an offense defined as capital by § 13A-5-40(a)(7), Ala. Code 1975. In 1989, Smith was convicted of that charge and sentenced to death. On appeal, after twice remanding the case to the trial court, this Court found that Smith was entitled to a new trial based on a violation of the holding in Batson v. Kentucky, 476 U.S. 79 (1986). See Smith v. State, 588 So. 2d 561 (Ala. Crim. App. 1991), on return to remand, 620 So. 2d 727 (Ala. Crim. App.), on return to second remand, 620 So. 2d 732 (Ala. Crim. App. 1992).

In 1996, Smith was again convicted of capital murder and sentenced to death. This Court affirmed his conviction and sentence on direct appeal. See Smith v. State, 908 So. 2d 273 (Ala. Crim. App. 2000), writ quashed, 908 So. 2d 302 (Ala.), cert. denied, 546 U.S. 928 (2005). In doing so, we set out the following facts surrounding Smith's conviction:

> "On March 18, 1988, the Reverend Charles Sennett, a minister in the Church of Christ, discovered the body of his wife, Elizabeth Dorlene Sennett, in their home on Coon Dog Cemetery Road in Colbert County. The coroner testified that Elizabeth Sennett had been stabbed eight times in the chest and once on each side of the neck, and had suffered numerous abrasions and cuts. It was the coroner's opinion that Sennett died of multiple stab wounds to the chest and neck.

"The evidence established that Charles Sennett had recruited Billy Gray Williams, who in turn recruited [Kenneth Eugene] Smith and John Forrest Parker, to kill his wife. He was to pay them each $1,000 in cash for killing Mrs. Sennett. There was testimony that Charles Sennett was involved in an affair, that he had incurred substantial debts, that he had taken out a large insurance policy on his wife, and that approximately one week after the murder, when the murder investigation started to focus on him as a suspect, Sennett committed suicide."

Smith, 908 So. 2d at 280. Testimony was also presented indicating that Smith had confessed to his part in the murder and had given a detailed account of how he and his codefendant, John Forrest Parker, had obtained access to the victim's home and had beaten and shot her. This Court issued a certificate of judgment on March 18, 2005.

In 2006, Smith timely filed his first Rule 32 petition for postconviction relief, attacking his capital-murder conviction and sentence of death. The circuit court denied that petition, and Smith appealed. After remanding the case three times, twice by opinion, see Smith v. State, 160 So. 3d 40 (Ala. Crim. App. 2010), and once by order, this Court ultimately affirmed, by unpublished memorandum, the circuit court's order denying the petition.

In 2015, Smith filed a petition for a writ of habeas corpus in federal court, alleging that his counsel at his capital-murder trial had been

3

ineffective. The federal court denied relief, and that denial was affirmed on appeal. See Smith v. Commissioner, Ala. Dep't of Corr., 850 F. App'x 726 (11th Cir. 2021), cert. denied, Smith v. Hamm, ___ U.S. ___, 142 S.Ct. 1108 (2022).

In August 2022, Smith filed in federal court a 42 U.S.C. § 1983 civil action against the Commissioner of the Alabama Department of Corrections, alleging, in part, that the Alabama Department of Corrections ("DOC") "ha[d] substantially deviated from its Execution Protocol to the point that [to execute him] would subject Smith to intolerable pain and torture in violation of the Eighth Amendment." Smith v. Commissioner, Ala. Dep't of Corr., No. 22-13781, November 17, 2022, (11th Cir. 2022) (not reported in Federal Reporter). That action was dismissed, and Smith's subsequent request to amend the complaint was denied. On appeal, the United States Court of Appeals for the Eleventh Circuit remanded the case to allow Smith to amend the complaint. Id. In September 2022, while Smith's appeal in the § 1983 action was pending before the Eleventh Circuit Court of Appeals, the Alabama Supreme Court, at the request of the State, set Smith's execution for November 17, 2022. Smith moved to stay his execution,

4

but the Alabama Supreme Court denied that motion. On November 17, 2022, the State could not execute Smith "because []DOC was unable to set intravenous lines through which it could inject Mr. Smith with the lethal drugs." (C. 39.) Smith's § 1983 action remains pending in federal court. See Smith v. Hamm, No. 2:22-cv-497-RAH, July 5, 2023, (M.D. Ala. 2023) (not reported in Federal Supplement).

In May 2023, Smith filed a second Rule 32 petition for postconviction relief -- the petition that is the subject of this appeal. In the 11-page petition, Smith alleged that a second attempt to execute him, by any means, would constitute cruel and unusual punishment in violation of the United States and Alabama Constitutions because, he said, the failed attempt to execute him in November 2022 had "cause[ed] him severe and ongoing physical and psychological distress, including post-traumatic stress disorder." (C. 37.) The State moved that Smith's petition be dismissed, arguing that his claim was meritless and precluded by Rule 32.2(b), Ala. R. Crim. P., as successive. Smith filed a written objection to the State's motion. On August 11, 2023, the circuit court issued an order summarily dismissing Smith's petition, finding that his

5

claim was insufficiently pleaded.  Smith timely filed a notice of appeal, and this appeal was submitted for decision on November 14, 2023.

On appeal, Smith argues that the circuit court erred in summarily dismissing his petition without first conducting an evidentiary hearing because, he says, his claim is sufficiently pleaded and not precluded as successive.  For the reasons explained below, we agree with the circuit court that Smith's claim was insufficiently pleaded, and we also find the claim to be meritless.  Because we affirm the circuit court's judgment on those grounds, it is unnecessary for us to address whether the claim is precluded as successive.

As noted above, in his petition, Smith alleged that a second attempt to execute him, by any means, would constitute cruel and unusual punishment in violation of the United States and Alabama Constitutions because, he said, the failed attempt to execute him in November 2022 had "cause[ed] him severe and ongoing physical and psychological distress, including post-traumatic stress disorder." (C. 37.)  Smith alleged that before his attempted execution in November 2022, the State had attempted to execute two other death-row inmates but was unable to do so for the same reason it had failed to execute him in November 2022 --

the inability to insert intravenous ("IV") lines in the inmates. Despite the two previous failed attempts, Smith said, the DOC did no investigation before his November 2022 attempted execution and was forced to abort the November 2022 execution "nearly two hours" after first attempting to insert the IV lines. (C. 43.) Smith then alleged:

> "In an unsuccessful attempt to establish IV lines by the standard procedure, the IV Team jabbed [him] repeatedly, sliding the catheter needle continuously in and out of his arms and hands, while ignoring [his] complaints that they were penetrating his muscles, causing severe pain.

> "Having failed to establish IV access by the standard procedure, the IV Team next tried to do so using a central line procedure.

> "Sometime before midnight, the IV Team returned to the execution chamber and [he] was informed that the execution had been aborted.

> "Mr. Smith continues to be in a great deal of physical and emotional pain from the attempted execution in November.

> "[]DOC's failed attempt to execute Smith has had chronically severe psychological consequences, including severe post-traumatic stress disorder. In addition to difficulty sleeping, Smith's symptoms include nightmares, hypervigilance, hyperarousal, and disassociation (a defense mechanism to suppress threatening thoughts)."

(C. 44.)

7

Rule 32.3, Ala. R. Crim. P., provides that "[t]he petitioner shall have the burden of pleading ... the facts necessary to entitle the petitioner to relief." Rule 32.6(b), Ala. R. Crim. P., requires that the petition "contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." As this Court noted in Boyd v. State, 913 So. 2d 1113 (Ala. Crim. App. 2003):

> "'Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.' Boyd v. State, 746 So. 2d 364, 406 (Ala. Crim. App. 1999). In other words, it is not the pleading of a conclusion 'which, if true, entitle[s] the petitioner to relief.' Lancaster v. State, 638 So. 2d 1370, 1373 (Ala. Crim. App. 1993). It is the allegation of facts in pleading which, if true, entitle[s] a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R. Crim. P., to present evidence proving those alleged facts."

913 So. 2d at 1125.

> "The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The full factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the

8

> petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See <u>Bracknell v. State</u>, 883 So. 2d 724 (Ala. Crim. App. 2003)."

<u>Hyde v. State</u>, 950 So. 2d 344, 356 (Ala. Crim. App. 2006).

Smith alleged generally that he had suffered physical pain during the November 2022 execution attempt when the execution team "repeatedly" attempted to insert needles in his arms and hands for "nearly two hours" and that he had told the team that "they were penetrating his muscles and causing severe pain." However, he did not allege specifically how many times the team attempted to insert the IV lines, or exactly how long the attempts continued. He also made only a bare allegation that he "continues" to suffer physical pain, without alleging specific facts describing that pain. Finally, he made a bare allegation that he suffers from post-traumatic stress disorder causing difficulty sleeping, nightmares, hypervigilance, hyperarousal, and disassociation, without alleging specific facts regarding how those symptoms rise to the level of a constitutional violation. Smith's general assertions in his petition are wholly insufficient to satisfy his burden of pleading.

9

Moreover, Smith's claim is meritless. In <u>Louisiana ex rel. Francis v. Resweber</u>, 329 U.S. 459 (1947), the defendant was sentenced to death, and the State of Louisiana attempted to execute that sentence by use of an electric chair. "The executioner threw the switch but, presumably because of some mechanical difficulty, death did not result. [The defendant] was thereupon removed from the chair and returned to prison. ... A new death warrant was issued by the Governor of Louisiana." 329 U.S. at 460-61. The defendant then filed a petition for a writ of habeas corpus alleging, in part, that it would be cruel and unusual punishment to subject him to a second execution. A plurality of the United States Supreme Court rejected the argument, stating:

"Petitioner's suggestion is that because he once underwent the psychological strain of preparation for electrocution, now to require him to undergo this preparation again subjects him to a lingering or cruel and unusual punishment. Even the fact that petitioner has already been subjected to a current of electricity does not make his subsequent execution any more cruel in the constitutional sense than any other execution. The cruelty against which the Constitution protects a convicted man is cruelty inherent in the method of punishment, not the necessary suffering involved in any method employed to extinguish life humanely. The fact that an unforeseeable accident prevented the prompt consummation of the sentence cannot, it seems to us, add an element of cruelty to a subsequent execution. There is no purpose to inflict unnecessary pain nor any unnecessary pain involved in the proposed execution. The situation of the

10

unfortunate victim of this accident is just as though he had suffered the identical amount of mental anguish and physical pain in any other occurrence, such as, for example, a fire in the cell block. We cannot agree that the hardship imposed upon the petitioner rises to that level of hardship denounced as denial of due process because of cruelty."

329 U.S. at 464. If it is not cruel and unusual punishment to execute an inmate who has been subjected to a current of electricity in a previous failed execution attempt, then it is certainly not cruel and unusual punishment to execute an inmate after the failure to insert an IV line in a previous failed execution attempt.

Indeed, the Ohio Supreme Court so held in State v. Broom, 146 Ohio St. 3d 60, 51 N.E.3d 620 (2016), in which it rejected an argument that it would be a violation of the Ohio Constitution to execute Romell Broom after state officials had been unsuccessful in inserting IV lines in the first attempted execution.

"Broom has also sought relief under the Ohio Constitution. Article I, Section 9 of the Ohio Constitution provides, 'Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted.' This court has long held that the Ohio Constitution is a 'document of independent force.' Arnold v. Cleveland, 67 Ohio St. 3d 35, 616 N.E.2d 163 (1993), paragraph one of the syllabus. The United States Constitution provides a floor for individual rights and civil liberties, but state constitutions are free to accord greater protections. Id. And recently, this court held for the first time that Article I, Section 9 provides

11

protection 'independent of' the Eighth Amendment. In re C.P., 131 Ohio St. 3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 59. But we have also noted that cases involving cruel and unusual punishments are rare, 'limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person.' McDougle v. Maxwell, 1 Ohio St. 2d 68, 70, 203 N.E.2d 334 (1964).

"When the execution team was unable to establish IV lines, the attempt to execute Broom was halted. Because the lethal-injection drugs were never introduced into the IV lines, the execution was never commenced. The state also demonstrated in the executions that were conducted after September 2009 that it is committed to following the protocols as written. Because Broom's life was never at risk since the drugs were not introduced, and because the state is committed to carrying out executions in a constitutional manner, we do not believe that it would shock the public's conscience to allow the state to carry out Broom's execution. We therefore conclude that Article I, Section 9 of the Ohio Constitution does not bar the state from executing Broom's death sentence."

146 Ohio St. 3d at 73-74, 51 N.E.3d at 633. Similarly, here, based on Smith's pleadings in his Rule 32 petition, when the execution team was unable to insert the IV lines, the attempt to execute Smith was aborted and Smith's life was never at risk because the drugs were never administered. In addition, in Alabama, "[a] death sentence shall be executed by lethal injection, unless the person sentenced elects to be executed by electrocution or nitrogen hypoxia." § 15-18-82.1(a), Ala. Code 1975. In his reply brief, Smith asserts that the State has "moved to

12

execute [him] using [nitrogen hypoxia]" (Smith's reply brief at p. 5, n.2), and in his § 1983 action in federal court, Smith "sufficiently pleaded that nitrogen hypoxia will significantly reduce his pain." <u>Smith v. Commissioner, Ala. Dep't of Corr.</u>, No. 22-13781, November 17, 2022 (11th Cir. 2022) (not reported in Federal Reporter). Accordingly, a second attempt at execution will not be cruel and unusual punishment, and his claim to the contrary is without merit.

Rule 32.7(d), Ala. R. Crim. P., authorizes the circuit court to summarily dismiss a petitioner's Rule 32 petition

"[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings ...."

See also <u>Hannon v. State</u>, 861 So. 2d 426, 427 (Ala. Crim. App. 2003); <u>Cogman v. State</u>, 852 So. 2d 191, 193 (Ala. Crim. App. 2002); <u>Tatum v. State</u>, 607 So. 2d 383, 384 (Ala. Crim. App. 1992). "Summary disposition is also appropriate when the petition is obviously without merit or where the record directly refutes a Rule 32 petitioner's claim." <u>Lanier v. State</u>, 296 So. 3d 341, 343 (Ala. Crim. App. 2019). Because Smith's claim is insufficiently pleaded and meritless, summary disposition of his Rule 32

13

petition without an evidentiary hearing was appropriate.

For the foregoing reasons, we affirm the circuit court's summary dismissal of Smith's second Rule 32 petition.

AFFIRMED.

Windom, P.J., and McCool, Cole, and Minor, JJ., concur.