Rel: January 12, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

## SC-2023-0934

_____

## Ex parte Kenneth Eugene Smith

## PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS

## (In re: Kenneth Eugene Smith

## v.

## State of Alabama)

## (Jefferson Circuit Court: CC-89-1149.61; Court of Criminal Appeals: CR-2023-0594)

SHAW, Justice.

WRIT DENIED.  NO OPINION.

Parker, C.J., and Bryan, Sellers, Mendheim, Stewart, and Mitchell, JJ., concur.

Cook, J., concurs specially, with opinion.

Wise, J., recuses herself.

COOK, Justice (concurring specially).

I concur with denying Kenneth Eugene Smith's petition for a writ of certiorari. I write specially to explain (1) why I initially dissented when the State of Alabama asked this Court to set a second execution date to carry out Smith's death sentence and (2) why I now believe that Smith has failed to show that he is entitled to certiorari relief.

Smith was originally convicted of capital murder and sentenced to death in 1989, but that conviction was reversed on appeal, and a new trial was ordered. See Smith v. State, 588 So. 2d 561 (Ala. Crim. App. 1991), on return to remand, 620 So. 2d 727 (Ala. Crim. App. 1992), on return to second remand, 620 So. 2d 732 (Ala. Crim. App. 1992). Following his new trial in 1996, Smith was again convicted of capital murder and sentenced to death. The Court of Criminal Appeals affirmed Smith's conviction and sentence. See Smith v. State, 908 So. 2d 273 (Ala. Crim. App. 2000), cert. quashed, 908 So. 2d 302 (Ala. 2005).

In 2006, Smith filed his first petition for postconviction relief pursuant to Rule 32, Ala. R. Crim. P., which was denied by the Jefferson

Circuit Court.[1] The judgment denying that Rule 32 petition was later affirmed by the Court of Criminal Appeals. See Smith v. State, 160 So. 3d 40, 55 (Ala. Crim. App. 2010).

On June 24, 2022, the State filed a motion to set Smith's execution date. This Court granted that motion on September 30, 2022, setting Smith's execution for November 17, 2022.

During that time, Smith raised and litigated in federal court a method-of-execution challenge to Alabama's use of lethal injection. After considering Smith's challenge, the United States Supreme Court concluded that Smith's execution should go forward on November 17, 2022. However, on that date, the execution could not proceed because the Alabama Department of Corrections was unable to set intravenous lines for the lethal injection.

After that occurred, Smith filed a challenge to Alabama's continued use of lethal injection for his method of execution in the United States District Court for the Middle District of Alabama. As part of his prayer

---

[1]Smith also sought relief in federal court, which was likewise denied. Smith v. Commissioner, Alabama Dep't of Corr., 850 F. App'x 726 (11th Cir. 2021).

for relief in that case, Smith sought execution by means of nitrogen hypoxia, as authorized under Alabama law. See § 15-18-82.1, Ala. Code 1975. The State ultimately agreed that it would use the nitrogen-hypoxia method for Smith's execution and that it would not attempt to execute him again by lethal injection.

In May 2023, Smith filed a second Rule 32 petition in the circuit court in which he alleged that a second attempt to execute him, by any means, would constitute cruel and unusual punishment in violation of the United States and Alabama Constitutions. Smith further alleged that he could not have raised this argument in his direct appeal or in his previously filed Rule 32 petition because, he said, the circumstances supporting such an argument had not occurred. The circuit court issued an order dismissing that petition, which Smith appealed to the Court of Criminal Appeals.

While that appeal was pending before the Court of Criminal Appeals, the State asked this Court to set a second execution date for Smith. That request was granted on November 1, 2023. Because I believed that, before setting Smith's second execution date, the Court of Criminal Appeals -- and, perhaps, this Court -- should have the

5

opportunity to decide whether there was any legal basis for Smith's new argument that a second execution attempt would constitute cruel and unusual punishment, I dissented to the issuance of Smith's death warrant at that point.[2]

Less than a month after this Court granted the State's request, the Court of Criminal Appeals issued an opinion unanimously affirming the

---

[2]In particular, I believed that our courts should have had the opportunity to consider whether there was any authority that would bear on the original public meaning of the Eighth Amendment's text regarding "cruel and unusual" punishment as applied to a second execution attempt, including any historical evidence bearing on such original public meaning. See Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 33 (Thomson/West 2012) (explaining that a court should consider "how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued"); Jay Mitchell, Textualism in Alabama, 74 Ala. L. Rev. 1089, 1092 (2023) (explaining that "the meaning of a law is its original public meaning"); see also New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1, 15-17, 19 (2022) (explaining that the framework for analyzing a constitutional challenge includes "text, as informed by history"); id. at 79 (Kavanaugh, J., concurring) (summarizing the majority opinion's framework as "text, history and tradition"). For instance, I was aware that there were some commentators who had argued that there was scattered historical evidence indicating that if a defendant survived an execution attempt, there might be a choice not to attempt a second execution. See, e.g., Sara McDougall & David Perry, In the Middle Ages, Botched Executions Were a Sign, Slate, Dec. 4, 2022 (at the time of this decision, a copy of this article could be located at: https://slate.com/news-and-politics/2022/12/alabama-executions-kenneth-eugene-smith-history-capital-punishment.html).

circuit court's dismissal of Smith's second Rule 32 petition after concluding that his petition was meritless and was insufficiently pleaded. See Smith v. State, [Ms. CR-2023-0594, Dec. 8, 2023] ___ So. 3d ___ (Ala. Crim. App. 2023). In support of its decision, the Court of Criminal Appeals heavily relied on a factually similar case, State v. Broom, 146 Ohio St. 3d 60, 51 N.E.3d 620 (2016), in which the Supreme Court of Ohio rejected a defendant's challenge under the Eighth Amendment and Ohio's constitutional prohibition on cruel and unusual punishment to a second execution attempt after the first had failed because intravenous lines could not be established.

After his application for rehearing was overruled, Smith, on December 18, 2023, filed the instant petition seeking certiorari review of the Court of Criminal Appeals' decision.

In his petition, Smith alleges, pursuant to Rule 39(a)(1)(D), Ala. R. App. P., that a conflict exists between the Court of Criminal Appeals' decision and decisions from the United States Supreme Court. He also alleges, pursuant to Rule 39(a)(1)(C), Ala. R. App. P., that a material

question of first impression exists in this case.[3] As explained below, I do not believe that Smith has adequately demonstrated that he is entitled to relief under either of those grounds and, thus, concur with denying his petition.

First, Smith alleges that the Court of Criminal Appeals' decision "directly conflicts with multiple precedents governing … the scope of the Eighth Amendment's prohibition on cruel and unusual punishment." Petition at 3 (citing Rule 39(a)(1)(D), Ala. R. App. P.).  Specifically, he alleges:

> "[T]he Court of Criminal Appeals' opinion failed to acknowledge, much less apply, the correct legal test to Mr. Smith's Eighth Amendment claim: that a State's successive attempt to execute a condemned person after 'a series of abortive attempts or even a single, cruelly willful attempt' is prohibited. La. ex rel. Francis v. Resweber, 329 U.S. 459, 471 (1947) (Frankfurter, J., concurring); Baze v. Rees, 553 U.S. 35,

---

[3]Nowhere in his petition does Smith overtly mention the Court of Criminal Appeals' reliance on State v. Broom, 146 Ohio St. 3d 60, 51 N.E.3d 620 (2016). However, he does allege in a footnote that the Court of Criminal Appeals' reliance on "a decision from the Ohio Supreme Court" was erroneous because, he says, the Supreme Court of Ohio failed to use the "correct test" in reaching its holding in that case. Petition at 7 n.2. In making this argument, however, Smith does not allege any grounds for certiorari review or otherwise explain how the Court of Criminal Appeals' reliance on Broom was improper. I therefore see no reason to consider Smith's brief argument on this point as a basis for determining whether he is entitled to certiorari relief.

8

50 (2008) (plurality op.)."

Petition at 4.

Although Smith alleges that the Court of Criminal Appeals' decision conflicts with "multiple precedents," he cites only (1) Justice Frankfurter's concurring opinion in Louisiana ex rel. Francis v. Resweber, 329 U.S. 459 (1947), and (2) a plurality opinion in Baze v. Rees, 553 U.S. 35 (2008), in support of his conflict ground. (Emphasis added.) Neither a lone concurring opinion nor a plurality opinion of the United States Supreme Court constitutes a "prior decision" for purposes of the conflict ground under Rule 39(a)(1)(D), Ala. R. App. P. See Ex parte Dearman, 322 So. 3d 5, 6 n.1 (Ala. 2020) (noting that, a plurality decision "is not a 'prior decision[]' of the Court of Civil Appeals for purposes of Rule 39(A)(1)(D), Ala. R. App. P."); Ex parte Ball, 323 So. 3d 1187, 1188 (Ala. 2020) (Parker, C.J., concurring specially) (noting that "by allowing certiorari review of decisions that conflict with a 'prior decision' of an appellate court, Rule 39(a)(1)(D) provides a vehicle for this Court to ensure that the courts of appeals decide cases consistently with controlling precedent and for this Court to resolve inconsistencies between binding precedents of the courts of appeals. Therefore, a 'prior

9

decision' is necessarily a prior case that constitutes binding precedent on a relevant point."); <u>Peraita v. State</u>, [Ms. CR-17-1025, Aug. 6, 2021] ___ So. 3d ___, ___ n.6 (Ala. Crim. App. 2021) (noting that "plurality opinions … are not binding 'prior decisions'"). Because Smith has failed to properly allege that the Court of Criminal Appeals' decision conflicts with actual "prior decisions of the Supreme Court of the United States" as required by Rule 39(a)(1)(D), I concur with denying his petition on his asserted conflict ground.

Even if the portions of Justice Frankfurter's special concurrence in <u>Resweber</u> and the Supreme Court's plurality opinion in <u>Baze</u> on which Smith relies qualified as "prior decisions of the Supreme Court of the United States" for the purposes of Rule 39(a)(1)(D), Smith's allegation that they "<u>directly conflict</u>[]" with the Court of Criminal Appeals' decision is wrong. (Emphasis added.) For example, in <u>Resweber</u>, the United States Supreme Court examined whether the use of the <u>same method of execution</u> for a second time following an initial failed execution attempt constituted cruel and unusual punishment in violation of the Eighth Amendment. In <u>Baze</u>, the United States Supreme Court examined whether a particular lethal-injection protocol was unconstitutional under

the Eighth Amendment. In both cases, the United States Supreme Court concluded that the challenged actions did <u>not</u> violate the Eighth Amendment's prohibition against cruel and unusual punishment. <u>See</u> <u>Resweber</u>, 329 U.S. at 463-64 (holding that a second attempt at execution was not cruel and unusual punishment); <u>Baze</u>, 553 U.S. at 41 (holding that a particular lethal-injection protocol was not unconstitutional).

Here, Smith does not challenge the new method of execution. Instead, he alleges that an attempt to execute him for a second time <u>by a</u> <u>different method of execution</u> would constitute cruel and unusual punishment under the Eighth Amendment. As stated previously, the Court of Criminal Appeals concluded that a second execution attempt under such circumstances would not constitute cruel and unusual punishment in violation of the United States and Alabama Constitutions -- a conclusion that is not contradicted by the Supreme Court's rulings in <u>Resweber</u> and <u>Baze</u>.

This Court will grant certiorari review only if we conclude "that there is probability of merit in the petition." Rule 39(f), Ala. R. App. P. Because the Court of Criminal Appeals' decision does not appear to be contradicted by <u>Resweber</u> and <u>Baze</u>, this is a second reason not to grant

11

Smith's petition on his asserted conflict ground.

Second, at the very end of his petition, Smith also alleges, pursuant to Rule 39(a)(1)(C), Ala. R. App. P., that a material question of first impression exists as to whether his execution is barred by Article I, § 15, of the Alabama Constitution. That provision provides that "excessive fines shall not be imposed, nor cruel or unusual punishment inflicted." After quoting a portion of § 15, Smith alleges in a single paragraph:

> "[W]hether Article I, Section 15 of the Alabama Constitution also prohibits a second execution attempt in the circumstances alleged here is one of first impression. Accordingly, this Court should grant the writ of certiorari to address that question of first impression, which implicates a foundational right to be free from cruel and unusual punishment at the hands of the State."

Petition at 15.

Smith cites no Alabama caselaw to support this argument, and he cites no authority on the original public meaning of this provision of our Constitution. Smith fails to explain why the Alabama Constitution would prohibit his execution in this case, whether the slightly differing language employed in the United States and Alabama Constitutions would change the analysis of the challenge he is raising, or how this constitutional provision should be applied differently from the Eighth

12

Amendment. In fact, other than quoting Article I, § 15, of the Alabama Constitution, he makes no attempt at all to discuss this Alabama constitutional provision. By failing to do so, Smith has not demonstrated any probability of merit as to this claim under Rule 39(a)(1)(C). It is for this additional reason that I concur with denying his petition.