Oscar Sims appeals the dismissal of his petition for writ of habeas corpus[1] in which he claims that he is entitled to retroactive credit for correctional incentive time. Sims alleges, inter alia, that the exception to § 14-9-41(h), Code of Alabama 1975 (Supp. 1992), for those convicted of sexual offenses, upon which the Department of Corrections relied to deny him retroactive correctional incentive time,[2] is violative of the Equal Protection Clause of the United States Constitution. We agree. In the recent case of Brooks v. State,622 So.2d 447 (Ala.Cr.App. 1993), we held that the exception to § 14-9-41(h) omitting sex offenders from those prisoners allowed retroactive good time violated the Equal Protection Clause of the Fourteenth Amendment. Upon the authority of that case, we reverse the judgment and remand this case to the trial court for further proceedings consistent with Brooks.
REVERSED AND REMANDED.
BOWEN, P.J., and TAYLOR and McMILLAN, JJ., concur.
MONTIEL, J., dissents, without opinion.
[1] Sims's petition is styled "Petition for Writ of Certiorari"; however, the proper remedy is by a petition for writ of habeas corpus, and the circuit court treated his petition as one for habeas corpus.
[2] An affidavit signed by the director of records of the Department of Corrections states specifically that the Department relied upon the sex offender exception to §14-9-41(h) to deny Sims retroactive correctional incentive time. Furthermore, the circuit court, in its order dismissing the petition for writ of habeas corpus, stated that it also relied upon the sex offender exception to § 14-9-41(h).