PATTERSON, Judge.
John Nathan Bell appeals the circuit court’s judgment dismissing his petition for a writ of habeas corpus.
The record shows that Bell was convicted of second degree rape and that he was sentenced to 15 years’ imprisonment. He is receiving correctional incentive time (CIT) under Ala.Code 1975, § 14-9-41(a), but he has been denied retroactive CIT under § 14-9-41(h). He contends that this denial of retroactive CIT violates his right to equal protection, and as support for this contention, he cites Brooks v. State, 622 So.2d 447 (Ala.Cr.App.1993). In Brooks, the court held that the exception in § 14 — 9—41(h) eliminating from eligibility for retroactive CIT those sex offenders who had been sentenced, after May 19, 1980, but before October 29, 1991, to at least 10 years’ but no more than 15 years’ imprisonment is unconstitutional and should be severed from the rest of that subsection. The Brooks court remanded the case, noting that the appellant was eligible to be considered for retroactive good time deductions from his sentence. See also Dortch v. State, 654 So.2d 105 (Ala.Cr.App.1995); Grimsley v. State, 645 So.2d 370 (Ala.Cr.App.1994).
However, in this case, the affidavit of the correctional records director of the Department of Corrections reads, in part, as follows: “This is to certify that John Nathan Bell was reviewed and denied retroactive Correctional *1030 Incentive Time which was at the discretion of the Commissioner of Corrections pursuant to Code of Alabama, 14-9-41.” Unlike the appellant in Brooks, Bell was considered for retroactive CIT. In other words, he was not denied consideration by operation of the sex offender exception of § 14-9-41(h), which Brooks prohibits. Compare Dortch, 654 So.2d at 105 (“the denial of retroactive incentive time was based on 14-9-41(h)”); Sims v. State, 625 So.2d 1192, 1192 n. 2 (Ala.Cr.App.1993) (the affidavit of the director of records of the Department states specifically that the Department relied upon the sex offender exception to deny the inmate retroactive CIT and furthermore, the circuit court also relied upon that exception in dismissing the inmate’s habeas corpus petition); Brooks, 622 So.2d at 448 (the Department relied upon the exception to deny the inmate retroactive CIT). Because Bell was considered for retroactive CIT, his right to equal protection was protected. Accordingly, the circuit court properly denied Bell’s petition on this ground.
Accordingly, the circuit court’s judgment is affirmed.
AFFIRMED.
All Judges concur.