PATTERSON, Retired Appellate Judge.
This is an appeal by the State of Alabama from a judgment of the Circuit Court of Jefferson County granting certain relief to Terry Derial • Bennett in ■ a post-conviction proceeding filed by Bennett pursuant to Ala. R.Crim.P. 32. At the outset, we note that the record of the proceedings is totally inadequate for a proper consideration and resolution of the matters raised on appeal. The case action summary indicates that the petition for post-conviction relief was filed on March 21, 1996; however, the petition is not contained in the record on appeal. The case action summary further shows that the state filed a response to Bennett’s petition on April 17, 1996; however, this response is, likewise, not in the record. Thus, the record contains no pleadings. The order of the circuit court, which is in the record, indicates that an evidentiary hearing was held on the petition on February 28, 1997, and that several witnesses testified, including Bennett’s trial counsel and two police officers, and that documents were introduced. The witnesses’ testimony at this hearing is not in the record and the record does not contain the documents introduced. The record does not show whether Bennett testified. The record shows that the circuit court held another hearing on July 8, 1997, at which the two' police officers who had previously testified testified again. This hearing, coming well after the circuit court granted Bennett’s petition and after the notice of appeal was filed, apparently was conducted in an effort by the *864circuit court to correct the deficiencies in the record and to supplement the record on appeal, pursuant to the order of this court. This testimony is in the record; however, it falls far short of correcting the deficiencies. The record before us is so inadequate and confusing that if we undertook to render a final judgment in this case, we would of necessity have to base it on speculation and conjecture. The record does show that a diligent effort has been made by the state to supplement it, and that the state is free from fault in the filing of the inadequate record. Although it tried, the state was unable, to supplement the record by alternative means. It is apparent that no transcript of the February 28 proceeding was ever made. The circuit court stated at the July 8,1997, hearing, “The reporter who was here on that day said she did not take down the hearing.... It is our information from her that there is no transcript of the hearing.” Therefore, justice requires that we remand this case to the circuit court with instructions to hold a new evidentiary hearing. See Benefield v. State, 583 So.2d 1370 (Ala.Cr.App.1991).
While the record before us is woefully inadequate for a proper review of this case, some of the facts and history of the case are discernible. On January 15, 1994, while at the Birmingham airport, Officers John Quarles and Patrick Lucas of the Birmingham Police Department noticed a man, acting suspiciously. They approached this person at the baggage claim area, where he agreed to talk with them. He acknowledged that he had just arrived on a flight from California, and he produced a one-way ticket from Los Angeles to Birmingham in the name of “Erie Holmes,” which, he said, was his nephew’s name. At first he denied having any identification, and stated that his name was Lannie Bennett. After further questioning, he produced what appeared to be a Social Security card issued in the name of “Lannie Bennett,” bearing the Social Security number 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 and a birthdate of February 24, 1958, and a “printout” of a California driver’s license in the name of “Lannie Derial Bennett,” with the address 603 East 122nd Street, Los Angeles, California, and a birth-date of February 24, 1958.
The officers asked if they could search his suitcase. He refused. They told him that they would hold the luggage until they could bring a drug-sniffing dog, but they also told him that he was not under arrest and that he was free to leave. He left. When the dog arrived, it “alerted,” indicating that drugs were in the suitcase. Upon opening the suitcase, the officers discovered what appeared to be a brick of cocaine, weighing 1001.65 grams. On June 9, 1995, approximately 17 months after the incident at the Birmingham airport, Terry Derial Bennett, alias Lannie Bennett was indicted for trafficking in cocaine. At the time of indictment, he was apparently serving a sentence in California for escape. The record contains a demand for trial made pursuant to the Uniform Mandatory Disposition of Detainers Act and signed “Lannie D. Bennett,” in which he acknowledges that he has a charge for trafficking in cocaine pending against him in Jefferson County, Alabama, shows his date of birth as February 24, 1958, and acknowledges that he is sometimes known as or uses the name or alias of “Terry Derial Bennett.” On September 24, 1995, he surrendered himself to Alabama authorities, was arraigned on the trafficking in cocaine charge, and entered a plea of not guilty. On October 2, 1995, he withdrew his not guilty plea, entered a plea of guilty, and was sentenced to 15 years’ imprisonment. The sentence was split, and he was ordered to serve three years in prison, and the balance of the sentence was suspended pending successful completion of five years’ probation. He did not appeal. He was represented by appointed counsel at the guilty plea proceedings, and the circuit court’s order in the instant case and the case action summary in the guilty plea proceeding, which are in the record, reflect that Bennett’s guilty plea was accepted by the trial court after he had executed and filed a written explanation of rights and plea of guilty form and the proper colloquy had been conducted. Ala.R.Crim.P. 14.4. We note that the circuit judge in the instant proceeding is the same judge that conducted the guilty plea proceedings. The explanation of rights form and the colloquy are not in the record.
*865Approximately five and one-half months later, on March 21, 1996, Bennett filed his post-conviction petition. While the petition is not in the record, an unsigned memorandum brief in the record filed by Bennett in support of the petition indicates that there were two grounds for relief stated in the petition: (1) that he was prosecuted in violation of the Uniform Mandatory Disposition of Detainers Act (§ 15-9-80, et seq., Code of Alabama 1975), and (2) that his appointed trial counsel was constitutionally ineffective. In reference to his ineffective assistance of counsel claim, he asserted in the memorandum brief that he was compelled to accept the plea bargain agreement offered by the state because, he says, his trial counsel was not adequately prepared for trial. He apparently asked the court, in his petition, to set aside his guilty plea and sentence and grant him a new trial. After the first evidentiary hearing, the record of which is unavailable, the circuit court found that there was no violation of the Uniform Mandatory Disposition of Detainers Act; that it had no jurisdiction over Bennett; and that Bennett’s trial counsel had been constitutionally ineffective. In granting relief, the circuit court did not grant the relief allegedly prayed for in the petition, i.e., it did not set aside the guilty plea and order a new trial, but instead ordered that Bennett be “freed” and that the “charges under the indictment ... be dismissed.” The circuit court ordered a stay of its order for seven days to allow the state to seek a stay of its order from this court 'pending appeal. The state filed a timely notice of appeal with the circuit court, which included a request for a stay pending appeal addressed to this court. However, we did not receive the notice of appeal and request for a stay until March 14, 1997, after the expiration of the seven-day period. On March 14,1997, the state filed a motion for a stay in this court; however, before this court could act on the motion, the circuit court released Bennett from custody, and Bennett left the state, apparently returning to California.
The circuit court’s finding that there had been no violation of the Uniform Mandatory Disposition of Detainers Act was correct. There is sufficient evidence in the record before us to support this finding.- Bennett even concedes in his brief that there is no merit in this allegation.
The circuit court’s holding that it “had no jurisdiction of this defendant” is incorrect and its judgment is due to be reversed. The circuit court apparently bases this holding on its conclusion that Bennett was not the man at the airport who was in possession of the suitcase containing the cocaine. It is clear, however, that the circuit court had in personam jurisdiction over Bennett during both the guilty plea and the post-conviction proceedings, as well as jurisdiction over the subject matter of both proceedings. The circuit court had subject matter jurisdiction as a matter of law, and acquired in personam jurisdiction over Bennett by Bennett’s voluntary appearance at both proceedings, where he submitted himself to the jurisdiction of the court without objection. See City of Dothan v. Holloway, 501 So.2d 1136, 1137 (Ala.1986); Woolf v. McGaugh, 175 Ala. 299, 57 So. 754 (1911). The guilt or innocence of a defendant, especially one who pleads guilty, is not relevant to a court’s jurisdiction over the subject matter and the defendanVpetitioner.
As to the circuit court’s findings that Bennett’s trial counsel “was deficient and fell below any objective standard” and had it not been for such deficient performance “the defendant would not have pled guilty,” we are, as we have previously stated, unable to review those findings because of the incomplete and inadequate record. Certainly, the record we have does not support these findings. We, therefore, find it necessary to remand this case for new proceedings.
 We find that the portion of the circuit court’s order dismissing the indictment and releasing Bennett was incorrect and is due to be set aside. The evidence that can be gleaned from the sparse record offers no support for the circuit court’s dismissal of the indictment, and the release of Bennett violated Rule 32.10(b), which provides, “The petitioner shall not be released on bond pending appeal by either party.”
*866For the reasons set out above, we remand this ease to the circuit court with instructions that it set aside that portion of its judgment dismissing the indictment and releasing Bennett; that it restore the case to the court’s docket; that it require the parties to refile their pleadings; that it conduct a new and complete evidentiary hearing on the allegations in those pleadings; and that the circuit court file a written order reflecting its reconsideration of Bennett’s ineffective counsel claim upon the new evidence and further reflecting the specific facts upon which it bases its findings, including the consideration of whether there is a reasonable probability that Bennett would have pleaded guilty but for counsel’s alleged ineffectiveness. See Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). All proceedings of the new hearing shall be transcribed by the court reporter, and a complete record of all proceedings, including a transcript of the testimony of all witnesses, shall be filed with this court on return to remand within 120 days of the date of the release of this opinion. That portion of the trial court’s order finding no violation of the Uniform Mandatory Disposition of Detainers Act is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS. 
All Judges concur.