Christopher Deramus was convicted of murder in 1988 and was sentenced to 45 years' imprisonment. Deramus began serving his sentence in September 1988. In October 1988, Deramus posted an appeal bond and was released pending the outcome of his appeal. Deramus was unsuccessful in his efforts to appeal, and in June 1990, he was returned to Kilby Correctional Facility to serve the remainder of *Page 876 
his sentence. In 1994, Deramus was granted work-release status. In 1995, Deramus began participating in the "PDL" work-release program, and he continued in the program for approximately five years. On June 23, 2000, Deramus was removed from work-release status and returned to Kilby Correctional Facility. Following his removal from the program, the Alabama Department of Corrections ("DOC") notified Deramus that he had been reclassified as a "heinous offender" and that he was permanently ineligible to participate in the work-release program.
On February 12, 2001, Deramus filed a "petition for writ of certiorari" in the Limestone Circuit Court. The petition alleged that DOC had improperly classified him as a "heinous offender." The circuit court restyled the petition as one for a writ of habeas corpus and, after conducting a hearing, denied the petition. Deramus appealed. The Court of Criminal Appeals did not address the merits of Deramus's argument; instead that court affirmed the judgment of the circuit court because Deramus had mislabeled his petition — Deramus's petition was styled as a "petition for writ of certiorari," rather than a "petition for writ of habeas corpus." 882 So.2d 874 (Ala.Crim.App. 2001). We granted certiorari review to determine whether the Court of Criminal Appeals erred in refusing to address the merits of Deramus's claims. We conclude that it did, and we reverse the judgment of the Court of Criminal Appeals and remand the case.
In determining whether the Court of Criminal Appeals should have treated Deramus's petition as a petition for a writ of habeas corpus, we take note that the Alabama Rules of Civil Procedure apply to habeas corpus proceedings to the extent that the practice in this matter is not provided for by statute. Rule 81(a)(13), Ala. R. Civ. P., see also Rayburn v. State,366 So.2d 708 (Ala. 1979). Although § 15-21-4, Ala. Code 1975, sets forth certain requirements that an application for a writ of habeas corpus must contain, the provision does not address whether a mislabeled petition may be treated as an application for a writ of habeas corpus based upon the relief requested. However, as the Committee Comments to Rule 1, Ala. R. Civ. P., note, "the policy of [the Rules of Civil Procedure] is to disregard technicality and form in order that the civil rights of litigants may be asserted and tried on the merits." Rule 1, Ala. R. Civ. P., Committee Comments on 1973 Adoption, citing Mitchellv. White Consol., Inc., 177 F.2d 500 (7th Cir. 1949).
Indeed, the mere mislabeling of a motion is not fatal. KingMines Resort, Inc. v. Malachi Mining Minerals, Inc.,518 So.2d 714, 718 (Ala. 1987). This Court has stated that it is "committed to the proposition that it will treat a motion (or other pleading) and its assigned grounds according to its substance."King Mines Resort, 518 So.2d at 718; see also Lockhart v.Phenix City Inv. Co., 488 So.2d 1353 (Ala. 1986), and Sexton v.Prisock, 495 So.2d 581 (Ala. 1986). Further, the Court has held that "[t]he substance of a motion and not its style determines what kind of motion it is." Evans v. Waddell, 689 So.2d 23, 26
(Ala. 1997). These principles, requiring us to construe motions and pleadings liberally in civil cases, should also be applied when determining whether a petitioner in a criminal case is entitled to a writ of habeas corpus.
The Court of Criminal Appeals has held that a petition for a writ of habeas corpus is the appropriate vehicle by which to challenge a change in custody classification. Drayton v. State,600 So.2d 1088, 1090 (Ala.Crim.App. 1992), overruled on other grounds, Maddox v. State, 662 So.2d 915 *Page 877 
(Ala. 1995). Deramus's petition stated in the first paragraph that he was requesting the court to "review the process . . . which [DOC] use[s] in the Classification of certain inmates as heinous offenders. . . ." Because it was clear on the face of Deramus's petition that he was requesting relief regarding the change in his custody classification, the Court of Criminal Appeals, having already held that a petition for a writ of habeas corpus is the proper vehicle by which to challenge a change in custody classification, should have treated Deramus's petition as a petition for a writ of habeas corpus and considered the merits of his claims.
Such a result would not be inconsistent with prior decisions of the Court of Criminal Appeals. The Court of Criminal Appeals has generally construed petitions from inmates acting pro se liberally, and has generally treated a mislabeled petition as a petition for a writ of habeas corpus when the relief requested could be sought only by a petition for a writ habeas corpus. SeeWare v. State, 807 So.2d 594, 594 n. 1 (Ala.Crim.App. 2001) ("The appellant actually styled his petition a `Motion for Correction of Jail Credit.' . . . However, it is well established that a petition for a writ of habeas corpus is the proper method by which to challenge the calculation of an inmate's term of imprisonment . . .; thus, even when a petition is not designated as such, we will treat it as a petition."); Sims v. State,625 So.2d 1192, 1192 n. 1 (Ala.Crim.App. 1993) ("Sims's petition is styled `Petition for Writ of Certiorari'; however, the proper remedy is by a petition for writ of habeas corpus, and the circuit court treated his petition as one for habeas corpus.");Boutwell v. State, 488 So.2d 33, 34 (Ala.Crim.App. 1986) (the appellant filed a pro se pleading styled "Motion for Jail Time," alleging that he had spent 13 months in jail awaiting trial and that this time had not been credited to his sentence. The Court, quoting Mead v. State, 475 So.2d 645, 645 (Ala.Crim.App. 1985), noted that "`[a] petition for writ of habeas corpus is a proper procedure to test whether the State has properly calculated the amount of time the inmate must serve in prison,'" and held that "[a]ppellant's motion was properly sworn to and we will view it as a petition for writ of habeas corpus, although not properly designated as such").
We observe that our conclusion is supported by cases from the United States Court of Appeals for the Eleventh Circuit, see Leev. Wiman, 280 F.2d 257, 264 (5th Cir. 1960) ("[a]n application for habeas corpus presented by a prisoner without the aid of counsel will not be dismissed for mere technical defects, but will be considered with solicitude for the essential rights of the accused"); Williams v. Griswald, 743 F.2d 1533, 1542 (11th Cir. 1984) ("It is well established that the standards governing the sufficiency of habeas corpus petitions are less stringent when the petition is drafted pro se and without the aid of counsel."); Haggard v. State of Alabama, 494 F.2d 1187, 1189
(5th Cir. 1974) (liberal construction must be accorded pro se habeas petitions). Because Alabama's Rules of Civil Procedure were patterned after the Federal Rules of Civil Procedure, the construction the federal courts place on the sufficiency of pleadings is instructive when we are interpreting Alabama's Rules of Civil Procedure. See Rule 1, Ala. R. Civ. P., Committee Comments on 1973 Adoption.
We also note that our holding does not absolve a petitioner of the requirement that the contents of his petition for a writ of habeas corpus must substantially comply with the provisions of §15-21-4, Ala. Code 1975. See Ex parte Corbitt, 468 So.2d 92
(Ala. 1985). Deramus's petition was signed by him and verified by oath; *Page 878 
the petition included the place of Deramus's imprisonment and the cause of his imprisonment. Deramus's petition substantially complies with the provisions of § 15-21-4, Ala. Code 1975.
Based upon the foregoing, we reverse the judgment of the Court of Criminal Appeals and remand the case to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.*
MOORE, C.J., and HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
* Note from the reporter of decisions: On August 16, 2002, on remand from the Supreme Court, the Court of Criminal Appeals affirmed, without opinion. On September 6, 2002, the Court of Criminal Appeals denied rehearing, without opinion.