KELLUM, Judge.
James E. Bagley appeals the circuit court’s summary dismissal of what he styled as a “Petition [for] Writ of Habeas Corpus Ad Testificandum.” (C. 10.)
Bagley filed his petition on October 27, 2014. His petition is disjointed, confusing, and virtually incoherent. Nonetheless, after thoroughly reviewing the petition, it appears that Bagley raised claims cognizable in a Rule 32, Ala. R.Crim. P., petition for postconviction relief. Catchphra'ses such as due process, lack of jurisdiction to render judgment and to impose sentence, involuntary guilty plea, double jeopardy, and newly discovered evidence appear in his petition. Additionally, Bagley attached to his petition a copy of this Court’s opinion affirming his 1995 guilty-plea convictions for two counts of first-degree theft of property and his resulting sentences of seven years’ imprisonment for each conviction. See Bagley v. State, 681 So.2d 262 (Ala.Crim.App.1995). Therefore, Bagley’s petition- must be treated as a Rule 32 petition attacking his 1995 convictions and sentences. See, e.g., Ex parte Deramus, 882 So.2d 875, 876. (Ala.2002). (holding that appellate courts must treat a motion according to its substance, not its style).
With his petition, Bagley filed an affidavit of substantial hardship, and the circuit court granted Bagley indigency status. In addition, Bagley filed his petition in Etowah County, the county of his 1995 convictions and sentences. Therefore, the Etowah Circuit Court had jurisdiction to treat Bagley’s petition as a Rule 32 petition for postconviction relief and to rule on that petition, and we believe that is exactly what the circuit court did. The record reflects that, without receiving a response from the State, the circuit court summarily dismissed Bagley’s petition on November 3, 2014, stating “JAMES E. BAGLEY’S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM is hereby DENIED.” . (C. 35; capitalization in original.) The court’s order — which is a commonly used standardized fill-in-the-blank form — identified Bagley’s petition according to the style of the petition. However, circuit judges “are presumed to know the law and to follow it in making their decisions.” Ex parte Slaton, 680 So.2d 909, 924 (Ala.1996). The circuit court’s identification of. Bagley’s petition according to its style is not alone sufficient to overcome the presumption that the circuit court followed the, law when dismissing Bagley’s petition. Moreover, nothing else in the record affirmatively indicates that the circuit court did not properly treat Bagley’s petition as a Rule 32 petition and summarily dismiss it. In the absence of any affirmative indication otherwise, we presume that the circuit court properly treated Bagley’s petition as a Rule 32 petition for postconviction relief and summarily dismissed it.
Moreover, even if the circuit court did improperly treat Bagley’s petition as a petition for a writ of habeas- corpus, it is well settled that, with limited exceptions not applicable here, this Court may affirm a circuit court’s judgment if it is correct for any reason. See Bryant v. State, 181 So.3d 1087 (Ala.Crim.App.2011); Moody v. State, 95 So.3d 827, 833 (Ala.Crim.App. 2011); and McNabb v. State, 991 So.2d 313, 333 (Ala.Crim.App.2007), and the cases cited therein. For the reasons explained be *490 low, summary dismissal of Bagley’s petition was appropriate. '
In his brief on appeal, Bagley appears to pursue the claims from his petition. Bagley’s brief is as[1] disjointed, confusing, and incoherent as is his petition, but contains catchphrases similar to those found in his petition. His brief also contains additional catchphrases that we are unable to find in his petition. To the extent that Bagley is attempting to raise on appeal' claims that were not included in his petition, those claims are not properly before this Court for review and will 'not be considered. See Arrington v. State, 716 So.2d 237, 239 (Ala.Crim.App.1997) (“An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.”). 'To the extent that Bagley is attempting to reassert on appeal the claims from his petition, Bagley is entitled to no relief. As noted above, Bagley’s petition was virtually incoherent. After thoroughly reviewing the petition, we are unable to ascertain exactly what arguments Bagley was attempting to raise. A petition as confusing and incoherent aS Bag-ley’s necessarily fails to satisfy 'the pleading" requirements in Rule 32(3, Ala. R.Crim. P., which provides that “[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief,” and Rule 32.6(b), Ala. R.Crim. P., which provides that “[t]he petition must contain a clear and specific statement of the grounds upon which' relief is sought, including full disclosure of . the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not. be sufficient to warrant any further proceedings.”
We note that, in his reply brief on appeal, which is more coherent than his initial brief, Bagley appears to request that we treat his petition'as a Rule 32 petition for postconviction relief and remand this cause for the circuit court to allow him the opportunity to file his petition using the proper Rule 32 form and then to reconsider the petition. However, in Maddox v. State, 662 So.2d 916 (Ala.1995), the Alabama Supreme Court explained:
“‘Just as Rule 32.7(d) (allowing summary dismissal of a petition) overrides, in some cases, the Rule 32.7(a) requirement that the prosecutor file a response, see Bishop v. State, 608 So.2d 345, 347-48 (Ala.1992), ... Rule 32.7(d) also takes precedence, in some cases, over the Rule 32.6(a) requirement that the petition be filed on the proper “form.” ... [B]lind adherence to the holding of Drayton v. State, 600 So.2d 1088 (Ala.CrA.pp.1992), is a literal exaltation of form, over substance. , -<
“ ‘It is ridiculous to remand [a] 'cause so that the appellant will have the opportunity to file a petition in the proper form that will be promptly dismissed.’ ”
662 So.2d at 916 (quoting Maddox v. State, 662 So.2d 914, 915 (Ala.Crim.App.1993)) (Bowen, J., dissenting). Summary' dismissal of Bagley’s petition was appropriate in this case for the reasons stated above. Therefore, “[i]t [would be] ridiculous to remand this cause so that [Bagley] will have the opportunity to file a petition in the proper form that will be promptly dismissed.” Id.
*491 Rule 32.7(d), Ala. R.Crim. P., authorizes the circuit court to summarily dismiss a petitioner’s Rule 32 petition
“[i]f the court determines that the petition is not sufficiently specific,- or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief-under this rule and that no purpose would be served by any further proceedings — ”
See also Hannon v. State, 861 So.2d 426, 427 (Ala.Crim.App.2003); Cogman v. State, 852 So.2d 191, 193 (Ala.Crim.App. 2002); Tatum v. State, 607 So.2d 383, 384 (Ala.Crim.App.1992). Because Bagley’s petition failed to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b), summary disposition of Bagley’s Rule 32 petition was appropriate.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
WELCH and JOINER, JJ., concur.
WINDOM, P.J., dissents.
BURKE, J., dissents, with opinion.

. Bagley’s brief is.a conglomeration of handwritten pages and copies of various documents -from the record, and we seriously question whether his brief satisfies the requirements in Rule 28, Ala, R.App. P.