Judge Brian P. Howell, Anniston, as respondent.
ORDER
The Petitioner's Motion for an Order Reinstating the Mandamus Petition filed by Brandon Johnson on October 5, 2016, having been submitted to the Court,
IT IS ORDERED that the Petitioner's Motion for an Order Reinstating the Mandamus Petition is DENIED.
Stuart, Bolin, Parker, Shaw, Wise, and Bryan, JJ., concur.
Murdock, J., dissents.
STUART, Justice (concurring specially).
I concur with the order denying Brandon Johnson's motion seeking to reinstate his earlier petition for a writ of mandamus.
On May 9, 2016, Johnson filed a mandamus petition, alleging that he had a clear, legal right to a writ of mandamus because, he said, the trial judge refused to recuse himself from Johnson's case even though the trial judge had been an attorney in the district attorney's office when Johnson was originally convicted and had helped secure a codefendant's testimony that was offered against Johnson during Johnson's original trial. On June 23, 2016, this Court ordered answer and briefs. On June 30, 2016, the trial judge filed an answer, to which was attached an order he had filed in the clerk's office on May 31, 2016, which stated:
"While the Court is sure that it can handle the filings of the Defendant as it has done multiple times before, it feels to best avoid any appearance of impropriety or any claims of retaliation from the Defendant, it is best for this Court to recuse from this filing and all future filings of this Defendant.
"Therefore, the motion for judge to recuse filed by [Brandon Johnson] is hereby granted."
On July 22, 2016, this Court dismissed the petition as moot because, in light of the trial judge's order, Johnson had received the relief that he had requested in his mandamus petition.
In his motion seeking to reinstate his mandamus petition, Johnson presents a different issue. Johnson now argues that, even though the trial judge entered an order recusing himself from Johnson's case, the trial judge continues to act in his case. In support of his motion, Johnson attached copies of orders issued in his case filed by the trial judge in the clerk's office on September 26, 2016. Unquestionably, these orders were issued by the trial judge after the date of the trial judge's order of recusal. Thus, in his motion, Johnson is requesting a different type of relief-enforcement of the order of recusal-from the relief requested in the earlier petition-an order of recusal. Therefore, denial of Johnson's motion to reinstate his petition is proper because Johnson is seeking different relief.
*853 In order to obtain the relief Johnson is requesting in his motion, Johnson needs to file a petition for a writ of mandamus in the Court of Criminal Appeals. See § 12-3-11, Ala. Code 1975 ("Each of the courts of appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction."); and § 12-3-9, Ala. Code 1975 ("The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases."). With his petition, Johnson needs to attach a copy of the trial court's order of recusal along with copies of the trial court's orders filed subsequent to the date of the order of recusal.
It is true that this Court can consider the substance of a pleading and construe the pleading accordingly. See Ex parte Deramus, 882 So.2d 875, 876 (Ala. 2002) ("This Court has stated that it is 'committed to the proposition that it will treat a motion (or other pleading) and its assigned grounds according to its substance.' " (quoting King Mines Resort, Inc. v. Malachi Mining & Minerals, Inc., 518 So.2d 714, 718 (Ala.1987) )). See also Evans v. Waddell, 689 So.2d 23, 26 (Ala. 1997) ("The substance of a motion and not its style determines what kind of motion it is."). Therefore, I have considered the propriety of this Court's construing Johnson's motion for reinstatement of his original petition as a new petition for a writ of mandamus and then, because we do not have original jurisdiction over the petition, transferring the petition to the Court of Criminal Appeals. See § 12-3-11 and § 12-3-9. However, when requesting mandamus relief, a petitioner is responsible for providing the Court with "those parts of the record that are essential to an understanding of the issues set forth in the mandamus petition. Rule 21(a), Ala. R. App. P." Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 814 n. 6 (Ala. 2003). Johnson does not attach a copy of the trial judge's order of recusal to the pleading that would be transferred to the Court of Criminal Appeals. Therefore, because Johnson does not adequately support his contention that the trial judge has entered an order of recusal and is not adhering to that order, he does not demonstrate in his motion that he has a clear, legal right to the relief he requests, and it appears that the Court of Criminal Appeals would have no choice but to deny Johnson's motion for failure to factually support his petition.
Johnson is a pro se petitioner. I recognize this Court and the Court of Criminal Appeals have generally adhered to a rule of liberal construction when dealing with pleadings of pro se litigants. Ex parte Deramus, 882 So.2d at 875. However, in this instance, even if we construe Johnson's motion to reinstate as a petition for a writ of mandamus, because Johnson does not adequately support his pleading with a copy of the order of recusal, he cannot obtain the relief he seeks and, thus, such a construction would be an exercise in futility.
Bolin, J., concurs.