BURKE, Judge.
Shaun Glovis Shapley appeals the circuit court's denial of his motion to correct a clerical error pursuant to Rule 29, Ala. R. Crim. P. Shapley argued in his motion that he was improperly sentenced because the record indicates that the court and the State erroneously relied on a prior Florida conviction that was based on an uncounseled plea of nolo contendere. Thus, he contends that the Habitual Felony Offenders Act was improperly applied.
As the State argues, Shapley is challenging his sentence; therefore, his motion should have been treated as a Rule 32, Ala. R. Crim. P., postconviction petition rather than as a motion to correct a clerical error.[1] According to the State, Shapley seeks review of his sentencing for a different outcome. "However, 'while [ Rule 60, Ala. R. Civ. P.,] authorizes a court to amend a judgment to correct a clerical *71 error, [it] does not authorize the court to render a different judgment.' Mullins v. Mullins, 770 So.2d 624, 625 (Ala. Civ. App. 2000). 'Although Rule 60(a) states that a court may correct a clerical mistake or an error arising from oversight or omission "at any time," this does not authorize a second review of a judgment.' Cornelius v. Green, 521 So.2d 942, 945 (Ala. 1988)." Woodward v. State, 3 So.3d 941, 949 (Ala. Crim. App. 2008). Rule 29, Ala. R. Crim. P. also "is intended to deal solely with correction of clerical errors and not judicial errors in the rendition of judgments and orders." Committee Comments, Rule 29, Ala. R. Crim. P. " 'The trial court's authority to enter a Rule 60(a) [, Ala. R. Civ. P.,] order or a judgment nunc pro tunc is not unbridled. Merchant v. Merchant, 599 So.2d 1198 (Ala. Civ. App. 1992). It cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said. Michael [v. Michael, 454 So.2d 1035 (Ala. Civ. App. 1984) ].' " Smith v. Smith, 991 So.2d 752, 754 (Ala. Civ. App. 2008), quoting McGiboney v. McGiboney, 679 So.2d 1066, 1068 (Ala. Civ. App. 1995).
Therefore, despite Shapley's motion being styled as a nunc pro tunc motion, it should have been treated as a Rule 32 petition. Ex parte Deramus, 882 So.2d 875 (Ala. 2002) (this Court must treat a filing according to its substance, rather than its style). According to Rule 32.4, Ala. R. Crim. P., "A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule."
Here, the circuit court appears to have considered whether the record should be corrected for a clerical error based on Shapley's claim concerning his Florida conviction rather than whether Shapley was due relief regarding his claim of improper sentencing. Therefore, the circuit court's order in this case is due to be reversed and the case remanded to the circuit court so that Shapley can raise his claim in a properly filed Rule 32 petition and the circuit court can treat it as such.[2]
REVERSED AND REMANDED.
Windom, P.J., and Welch, Kellum, and Joiner, JJ., concur.

An amendment to a judgment considered a "correction of a clerical error" is "authorized by Rule 60(a), Ala. R. Civ. P., or Rule 29, Ala. R. Crim. P." Woodward v. State, 3 So.3d 941, 949 (Ala. Crim. App. 2008). "Rule 29 is taken directly from Rule 60(a), A. R. Civ. P., which in turn is a variation of Rule 60(a), Fed. R. Civ. P." Committee Comments, Rule 29, Ala. R. Crim. P.

Shapley was granted indigency status as to his motion.