Rel: March 27, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2025-2026

_____

## CR-2025-0768

_____

## William Dale Watson

### v.

## State of Alabama

## Appeal from Limestone Circuit Court
## (CC-13-57.62)

KELLUM, Judge.

William Dale Watson appeals the circuit court's summary dismissal of what he styled as "Motion for Relief of Post Conviction and Sentencing, Pursuant to Rule 45, Alabama Rules of Appellate Procedure, Error Without Injury," in which he challenged his 2017 convictions and

sentences for 6 counts of sexual abuse of a child less than 12 years old and 4 counts of second-degree sexual abuse, involving 3 victims. (C. 3.) This Court affirmed Watson's convictions and sentences on direct appeal in an unpublished memorandum issued on June 29, 2018. Watson v. State (No. CR-17-0384), 279 So. 3d 40 (Ala. Crim. App. 2018) (table). This Court issued a certificate of judgment on July 18, 2018.

Watson filed his motion on July 23, 2025, alleging, as best we can discern, that (1) the trial court committed plain error when, after it had ruled that the State could not introduce evidence of his abusing victim E.B. after E.B. had turned 12 years old, it allowed the State to introduce into evidence a statement he made to police in which he referred to incidents of abuse that occurred after E.B. was 12 years old; (2) the trial court committed plain error when it did not require the State to elect on which offense it wanted to proceed and did not give the jury a unanimity instruction; (3) the State withheld from the jury evidence indicating that he had had visitation with the victims while the charges were pending against him, which, he said, contradicted the testimony of the three victims that they had not seen him since his arrest; and (4) the trial court lacked personal jurisdiction over him because, he said, he was not

arraigned in court and the waiver-of-arraignment form submitted to the trial court was forged and not signed by him. In its response, the State argued that Watson's motion was due to be denied because, it said, Rule 45, Ala. R. App. P., applies only in appellate courts and not in the circuit courts. On August 11, 2025, the same day the State filed its response, the circuit court issued an order stating: "ORDERED, Motion for Relief of Post-Conviction and Sentencing, pursuant to Rule 45, Alabama Rules of Appellate Procedure, is hereby DENIED." (C. 29.) Watson timely filed a notice of appeal.

It is well settled that "'[t]he substance of a motion and not its style determines what kind of motion it is.'" Ex parte Deramus, 882 So. 2d 875, 876 (Ala. 2002) (quoting Evans v. Waddell, 689 So. 2d 23, 26 (Ala. 1997)). In his motion, Watson raised claims challenging his convictions and sentences, claims that are cognizable in a Rule 32, Ala. R. Crim. P., petition for postconviction relief. Therefore, his motion, although incorrectly labeled, was a Rule 32 petition and must be treated as such. It is equally well settled that circuit judges "are presumed to know the law and to follow it in making their decisions." Ex parte Slaton, 680 So. 2d 909, 924 (Ala. 1996). Thus, this Court has recognized that, on appeal

3

from the denial or dismissal of a mislabeled petition, if there is no affirmative indication in the record that the circuit court improperly treated the petition according to its style, this Court will presume that the circuit court properly treated the petition according to its substance and proceed to consider the appeal. See, e.g., Knight v. State, 252 So. 3d 1108, 1111 (Ala. Crim. App. 2017), and Bagley v. State, 186 So. 3d 488, 489 (Ala. Crim. App. 2015). On the other hand, if the record affirmatively reflects that the circuit court improperly treated the petition according to its style, the presumption does not apply, and this Court will reverse the circuit court's judgment and remand the cause for the circuit court to treat the petition according to its substance. See, e.g., Wedgeworth v. State, 286 So. 3d 78, 79 (Ala. Crim. App. 2019), and Shapley v. State, 260 So. 3d 69, 71 (Ala. Crim. App. 2018).

In this case, there is no affirmative indication in the record that the circuit court improperly treated Watson's petition according to its style instead of its substance. The petition was assigned a .6 designation, specifically .62, which is commonly used for Rule 32 petitions. Although the circuit court's order referred to Watson's petition according to its style, this Court held in Bagley, 186 So. 3d at 489, that "[t]he circuit

court's identification of [a] petition according to its style is not alone sufficient to overcome the presumption that the circuit court followed the law when dismissing [the] petition." Moreover, nothing else in the record indicates that the circuit court did not properly treat Watson's petition as a Rule 32 petition. The record does indicate that <u>the State</u> improperly treated the petition according to its style; it argued in its response that Watson was due no relief because Rule 45, Ala. R. App. P., applies only in appellate courts. However, the circuit court neither mentioned the State's response in its order nor otherwise indicated that it was dismissing the petition based on the State's argument. The circuit court merely dismissed the petition without comment. Therefore, we presume that the circuit court knew and followed the law when it dismissed Watson's petition, i.e., that it properly treated the petition as a Rule 32 petition, and we proceed to consider this appeal.

Watson reasserts on appeal each of the four claims he raised in his petition, and he argues that the circuit court erred in summarily dismissing his petition without affording him an evidentiary hearing. We disagree.

> "A Rule 32 petitioner is entitled to an evidentiary hearing on a claim in a postconviction petition only if the claim is

5

'meritorious on its face.' Ex parte Boatwright, 471 So. 2d 1257, 1258 (Ala. 1985). A postconviction claim is 'meritorious on its face' only if the claim (1) is sufficiently pleaded in accordance with Rule 32.3 and Rule 32.6(b); (2) is not precluded by one of the provisions in Rule 32.2; and (3) contains factual allegations that, if true, would entitle the petitioner to relief."

Kuenzel v. State, 204 So. 3d 910, 914 (Ala. Crim. App. 2015).

Rule 32.3, Ala. R. Crim. P., provides that "[t]he petitioner shall have the burden of pleading ... the facts necessary to entitle the petitioner to relief." Rule 32.6(b), Ala. R. Crim. P., requires that the petition

"contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."

As this Court noted in Boyd v. State, 913 So. 2d 1113 (Ala. Crim. App. 2003):

"'Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.' Boyd v. State, 746 So. 2d 364, 406 (Ala. Crim. App. 1999). In other words, it is not the pleading of a conclusion 'which, if true, entitle[s] the petitioner to relief.' Lancaster v. State, 638 So. 2d 1370, 1373 (Ala. Crim. App. 1993). It is the allegation of facts in pleading which, if true, entitle[s] a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R. Crim. P., to present evidence proving those alleged facts."

6

913 So. 2d at 1125.

> "The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The <u>full</u> factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See <u>Bracknell v. State</u>, 883 So. 2d 724 (Ala. Crim. App. 2003)."

<u>Hyde v. State</u>, 950 So. 2d 344, 356 (Ala. Crim. App. 2006).

We have thoroughly reviewed Watson's petition, and we conclude that none of his claims were pleaded with sufficient specificity to satisfy the requirements in Rule 32.3 and Rule 32.6(b). Of particular import, we point out that Watson identified the crimes for which he was convicted, named the victims of those crimes, and attached to his petition a copy of the indictment, but he failed to allege any <u>facts</u> in his petition regarding those crimes nor did he state what evidence was introduced at trial. Cf. <u>Bracknell v. State</u>, 883 So. 2d 724 (Ala. Crim. App. 2003) (holding that Rule 32 petitioner failed to satisfy his burden of pleading claims of ineffective assistance of counsel when the petitioner failed to include specific facts in his petition regarding the crimes or the evidence introduced at trial). Although "[t]his Court may take judicial notice of its

7

own records ..., we are not required, in the context of a Rule 32 proceeding, to search the record from a petitioner's direct appeal to ascertain the factual basis for a postconviction claim." Mashburn v. State, 148 So. 3d 1094, 1124 (Ala. Crim. App. 2013). See also Moody v. State, 95 So. 3d 827 (Ala. Crim. App. 2011).

Watson's failure to allege any facts regarding the crimes and the evidence presented at trial is fatal to his first three claims because those claims are fact dependent. Even assuming every factual allegation in Watson's Rule 32 petition to be true, this Court cannot determine whether he is entitled to relief on his first three claims without knowing the facts of the crimes and the evidence presented at trial. As for his final claim, Watson alleged only that he was not arraigned in court and that the waiver-of-arraignment form submitted to the trial court was forged and not signed by him. Those bare and conclusory allegations, however, are not sufficient, by themselves, to indicate that the trial court lacked personal jurisdiction over him. See, e.g., State v. Bennett, 727 So. 2d 863 (Ala. Crim. App. 1997) (holding that the trial court acquired personal jurisdiction over the defendant when the defendant voluntarily appeared

8

at the proceedings). Therefore, Watson failed to satisfy his burden of pleading.

Rule 32.7(d), Ala. R. Crim. P., authorizes the circuit court to summarily dismiss a petitioner's Rule 32 petition

> "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings ...."

See also Hannon v. State, 861 So. 2d 426, 427 (Ala. Crim. App. 2003); Cogman v. State, 852 So. 2d 191, 193 (Ala. Crim. App. 2002); Tatum v. State, 607 So. 2d 383, 384 (Ala. Crim. App. 1992). Because all of Watson's claims were insufficiently pleaded, summary disposition of his Rule 32 petition without an evidentiary hearing was appropriate.

Based on the foregoing, the judgment of the circuit court is affirmed.

AFFIRMED.

Windom, P.J., and Cole, J., concur. Minor, J., concurs in the result, with opinion. Anderson, J., concurs in the result.

MINOR, Judge, concurring in the result.

I agree with this Court's conclusion that William Dale Watson's "Motion for Relief of Post Conviction and Sentencing, Pursuant to Rule 45, Alabama Rules of Appellate Procedure, Error Without Injury" is in substance a petition for postconviction relief under Rule 32, Ala. R. Crim. P., and I agree with this Court's affirmance of the Limestone Circuit Court's judgment summarily dismissing that petition.

That said, I think this appeal fits within the rule set forth in Wedgeworth v. State, 286 So. 3d 78 (Ala. Crim. App. 2019), and Shapley v. State, 260 So. 3d 69 (Ala. Crim. App. 2018) ("the Wedgeworth-Shapley rule"), that this Court will reverse a circuit court's judgment "if the record affirmatively reflects that the circuit court improperly treated [a Rule 32] petition according to its style" rather than its substance. Watson, the State, and the circuit court all called the "motion" the wrong thing. But the main opinion looks beyond all that and presumes that the circuit court properly treated the motion as a Rule 32 petition. I do not see the distinction the main opinion draws here. And I note that the State views the record the same way I do. Indeed, the State's only assertion on appeal

is that this Court should reverse the judgment and remand the case to the circuit court for that court to treat the motion properly.

In my experience, this Court is inconsistent in applying the Wedgeworth-Shapley rule. What's more, this Court sometimes uses the rule to reverse a judgment without first answering the threshold question of subject-matter jurisdiction. Indeed, that was the reason for my dissent in Wedgeworth -- the record did not show that the circuit court had jurisdiction. Thus, I would have remanded the case to answer that threshold question. See Wedgeworth, 286 So. 3d at 79-81 (Minor, J., dissenting). This Court should not -- indeed it cannot -- reverse a judgment if the lower court did not have jurisdiction.[1] See, e.g., Madden v. State, 885 So. 2d 841, 844 (Ala. Crim. App. 2004) ("A void judgment will not support an appeal.").

---

[1]After our opinion in Wedgeworth, the circuit court summarily dismissed Wedgeworth's petition, and Wedgeworth again appealed. This Court remanded the matter to determine whether the circuit court had jurisdiction. It did not have jurisdiction, and, on return to remand, we thus dismissed the appeal by unpublished order. Wedgeworth v. State (No. CR-18-1116, May 20, 2020), 329 So. 3d 693 (Ala. Crim. App. 2020). Here, Watson paid the filing fee, and the circuit court thus acquired jurisdiction. (C. 26.)

Regardless, under most circumstances, we may affirm a judgment if it is correct for any reason. <u>See, e.g.</u>, <u>Bush v. State</u>, 92 So. 3d 121, 134 (Ala. Crim. App. 2009). Under <u>Bush</u>, I reach the same result as the main opinion -- the circuit court's judgment is due to be affirmed. Thus, I concur in the result.